**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO.  20-124-KKC**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**V.**                            **NOTICE OF RES GESTAE OR 404(B) EVIDENCE**

**CORY N. JOHNS**                                                    **DEFENDANT**

\* \* \* \* \* \*

The United States hereby provides notice, pursuant to Federal Rules of Criminal
Procedure 12(b)(4), that it intends to introduce at trial evidence that law enforcement
obtained videos and/or images of children engaged in sexually explicit conduct via a
proactive Peer-to-Peer investigation from the IP address associated with the Defendant's
residence in November 2015 through April of 2016.  It was this information that led to the
execution of the search warrant leading to the discovery of the electronic devices with
evidence leading to the current charges against the Defendant.  This pattern or course of
conduct is admissible as background or res gestae evidence, as it is inextricably intertwined
with the charged conduct in this case. Alternatively, this evidence is admissible pursuant
to Federal Rules of Evidence 414, or Federal Rules of Evidence 404(b) as common scheme
evidence, and, as probative of the Defendant's identify, knowledge, intent, and absence of
mistake.

1

The United States would also provide notice that, in the audio of one of the charged videos in this case, the Defendant and co-Defendant Tami Johns can be heard attempting to purchase narcotic pills from an individual via phone. Because this information is a part of the charged evidence in this matter, it is admissible because it is inextricably intertwined with the charged conduct.

## BACKGROUND

Peer-to-Peer file sharing allows people using the software to download and share digital files with other users using the same or compatible software.  This software is readily available on the internet and often free to download on internet-connected devices such as computers, tablets, and smartphones.  BitTorrent is one of many Peer-to-Peer networks. For a user to become part of the BitTorrent network the user must first obtain BitTorrent software and install it on a device.  When the BitTorrent software is running and the device is connected to the internet, the user will be able to download files from other users on the network and share files from their device with other BitTorrent users. Users of the BitTorrent network wishing to share new content will use a BitTorrent program to create a torrent file for the file or group of files they wish to share.  A torrent file is a small file that contains information about the file and provides a method for a user to download the file referenced in the torrent from other BitTorrent users.  Torrent files are typically found as the result of keyword searches on Internet sites that host or link to them. Torrent files may be referenced by their hash value, which uniquely identifies the torrent based on the file associated with the torrent file.  To download files from other users on the BitTorrent network a user typically obtains a torrent file. The BitTorrent software processes

the information in the torrent file and locates devices on the BitTorrent network sharing all or parts of the actual file being sought.   The download of the content referenced in the torrent is achieved after the requesting computer and the sharing computer directly connect to each other through the Internet using the BitTorrent software.

On November 18, 2015, Detective Tyson Carroll, with the Lexington Police Department, was performing a proactive investigation using BitTorrent to identify IP addresses sharing files of child pornography, using the hash values of those files to identify them.   Using a computer running investigative BitTorrent software, Detective Carroll directly connected to a device and successfully completed the download of the following file: pthc pedo rare deepthroat 5yo wow no gaging.mpg.   The file is a video file approximately 2 minutes and 19 seconds in duration that shows a white prepubescent female, approximately 5 years of age, kneeling between the legs of an adult white male performing oral sex on the adult white male's erect penis. The file was downloaded directly from IP address 75.90.165.250. Detective Carroll determined that the IP address was being used by the address later identified to be where the Defendant was residing with his grandmother.

On April 16, 2016, Detective Gatson with the Kentucky State Police Electronic Crimes Branch was also conducting a proactive investigation using BitTorrent software to search for those sharing files of child exploitation.   During this investigation, Detective Gatson obtained a download of the following files (with descriptions):

**1.   pthc 9yo Jenny daughter tied up and dog licking her.avi**

`         This is a video file approximately 2 minutes and 6 seconds in duration.

3

Description: A white prepubescent female approximate age 8-10 years is naked and bound by her feet with her legs spread.  The child is blind-folded. A dog is licking the child's vagina. An adult hand can be seen rubbing butter on the child's vagina to encourage the dog to continue licking her vagina. An adult male put his penis in the child's mouth.

**2.  pthc 9yo jenny enjoying.avi**

This is a video file approximately 2 minutes and 1 second in duration.

Description: A white prepubescent female approximate age 8-10 years is naked and performing oral sex on an adult male's penis.  The child can be heard saying "Daddy I like doggie-cock but yours is better" and "Daddy will you cum in my mouth so I can taste it."

**3.  Pthc Ptsc Jenny 9Yo Daughter With Cum In Mouth New.jpg**

This is an image file of a white prepubescent female approximate age 8-10 years.  She has her mouth open with what appears to be ejaculate on and in her mouth.

**4.  Pthc_9yo_jenny_bottomless_in_backseat.JPG**

This is an image file of a white prepubescent female approximate age 8-10 years wearing a gray tee shirt with a penguin on it. She is naked from the waist down sitting in a vehicle with her legs spread with her vagina visible.

**5.  pthc_ptsc jenny_9yo daughter swallowing cum, new.jpg**

This is an image file of a white prepubescent female approximate age 8-10 years.  She has her mouth open and her tongue stuck out with what appears to

4

be ejaculate on her mouth.

**6. pthc_ptsc jenny_my 9yo naked.jpg**

This is an image file of a white prepubescent female approximate age 8-10 years.  She is naked and lying on her back with her legs spread with her breasts and vagina visible.

**7. pthc_ptsc-9yo jenny in nylons and collar tied up.jpg**

This is an image file of a white prepubescent female approximate age 8-10 years.  She is naked and lying on her back with her legs spread. She has on black thigh-highs on her legs, a collar around her neck, and her legs and hands are bound with yellow rope.  Her breasts and vagina are visible.

**8. pthc_ptsc_9yo_jenny_enjoying_doggie_cock. JPG**

This is an image file of a white prepubescent female approximate age 8-10 years performing oral sex on a dog.

**9. pthc_ptsc_9yo_jenny_naked,_collar,_nylons_watching_porn. JPG**

This is an image file of a white prepubescent female approximate age 8-10 years. She is naked sitting Indian-style on a bed and looking at a laptop.  She is wearing a collar and has on sheer thigh-high stockings.

**10. pthc_ptsc_9yojenny_smiling_with_doggie_cock_in_her_face..looks_like_ she_likes_it!!.JPG**

This is an image file of a white prepubescent female approximate age 8-10 years.  She is bent under a dog looking at the camera and holding the dog's erect penis by or on her chin.

5

**11. pthc_ptsc_9yo_jenny_tied_up_and_collar.JPG**

This is an image file of a white prepubescent female approximate age 8-10 years naked and lying on her stomach on what appears to be a weight bench. She has a collar around her neck and her hands are bound with yellow rope. Her body is bound by black straps.  She can only be seen from the waist up and is naked.


Detective Gatson obtained these files from someone using IP address 75.89.171.37.  Subsequent investigation revealed that this IP address was assigned to Defendant's grandmother's residence, where the Defendant lived at the time.

After obtaining the above-described files, a search warrant was obtained for the Defendant's grandmother's residence.  During the execution of the warrant on May 26, 2016, multiple items of electronic evidence were seized from the Defendant's bedroom in the home.  The evidence was later forensically examined.  The examination led to the discovery of numerous images and videos of minors engaged in sexually explicit conduct that appear to have been obtained via the internet.  Moreover, multiple videos were discovered which were created by Tami Veal and Cory Johns that depict a nude child in a variety of settings, including on a bed, dancing, and laying on a couch.  Some of the videos were taken by Tami Veal and some of the videos were taken by Cory Johns.  The videos all have audio, during which you can hear discussion between Tami Veal, Cory Johns, and the minor victim.  During one of these videos, Tami Veal and Cory Johns can be heard negotiating with someone on the phone for the purchase of drugs, specifically pills.  The discussion is occurring as a video is being made of the minor victim dancing nude.

## DISCUSSION

### *Res Gestae*

The Peer-to-Peer investigation by law enforcement and the audio of the attempted drug purchase are both admissible as *res gestae* evidence. *Res gestae* is sometimes known as "intrinsic evidence." "Intrinsic acts are those that are inextricably intertwined with the criminal act charged or a part of the criminal activity as opposed to extrinsic acts, which are those that occurred at different times and under different circumstances from the offense charged." *United States v. Stafford*, 198 F.3d 248, at *4 (6th Cir.1999). The court can "admit evidence regarding a defendant's unindicted criminal activity when that activity is 'intrinsic' or 'inextricably intertwined' with charges named in the indictment." *United States v. Potts*, 173 F.3d 430, at *9 (6th Cir.1999) (emphasis added). *Res gestae* evidence does not implicate Federal Rule of Evidence 404(b). *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). Evidence regarding the videos obtained in the Peer-to-Peer investigations by law enforcement that led to the identification of the IP address associated with the Defendant's residence is inextricably intertwined with the crimes alleged in the indictment.  The conduct occurred in the months just prior to the discovery of the charged conduct in this matter.  The information about the peer-to-peer investigation is vital to explaining the actions of law enforcement in this case and completing the story of this investigation, as it led to search warrant that resulted in the current charges against the Defendant.  *See United States v. Clay*, 667 F.3d 689, 699 (6th Cir. 2012) (*Res gestae* evidence may include evidence that is a "prelude to the charged offense, is directly

probative of the charged offense, . . . or completes the story of the charged offense.")
(internal quotation marks omitted).

Similarly, the evidence of the attempted drug deal is also admissible as it is a part
of the admissible evidence in this case.  The audio to the videos is important to show
context and explain the relationship between the parties in this matter.  This is particularly
true given that the Defendant has indicated he will blame Tami Veal for the conduct in this
case.  Accordingly, the audio is an important part of the evidence presentation and a part
of the case that cannot be excised.

<u>414</u>

The evidence of the Peer-to-Peer investigation is also admissible pursuant to Fed.
R. Evid. 414(a), which provides:

> In a criminal case in which a defendant is accused of child molestation, the court
> may admit evidence that the defendant committed any other child molestation. The
> evidence may be considered on any matter to which it is relevant.

Rule 414 "supersedes Rule 404(b)'s restriction by establishing a presumption – but not a
'blank check' – favoring the admission of propensity evidence at both civil and criminal
trials involving charges of sexual misconduct." *United States v. Sioux*, 362 F.3d 1241
(9th Cir. 2004). Under Rule 414(a), "the key to admissibility is relevance." *United States
v. Norris*, 428 F.3d 907, 913 (9th Cir. 2005).  Evidence that is otherwise admissible under
Rule 414 is nevertheless subject to the Rule 403 balancing test. *United States v. Seymour*,
468 F.3d 378, 385-86 (6th Cir. 2006) (*citing United States v. LeMay*, 260 F.3d 1018,
1027 (9th Cir. 2001)). "A Court considering the admissibility of Rule 414 evidence must

first determine whether the evidence has probative value, recognizing 'the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible.'" *United States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001) (*quoting United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997)). "The court must next balance that probative value against the risk of unfair prejudice." *Id*.

As a threshold matter, the charges against the Defendant fall within the meaning of "child molestation" under Rule 414.  The use of a minor to produce visual depictions of that minor involved in sexually explicit conduct is a violation of 18 U.S.C. § 2251(a). The possession of matters containing visual depictions of minors engaged in sexually explicit conduct violates 18 U.S.C. § 2252(a)(4)(b).  Both crimes are contained within 18 U.S.C. chapter 110.  "Child molestation" is defined as "a crime under federal law or under state law" involving, among other things, "any conduct prohibited by 18 U.S.C. chapter 110." *Id.* at (d)(2)(B).  The term "child" is defined as any person under the age of 14. *Id.* at (d)(1).  Notice of the intent to offer such evidence is generally required no less than 15 days prior to trial. *Id.* at (b). In this matter, both the crimes charged and the peer-to-peer evidence sought to be introduced involve the sexual exploitation of children less than 14.  Accordingly, the evidence should be admitted pursuant to Rule 414.

<u>404(b)</u>

Alternatively, the evidence of the prior peer-to-peer investigation is admissible pursuant to Federal Rules of Evidence 404(b) as evidence of the Defendants' motive, intent, preparation, plan, knowledge, and absence of mistake or accident. See Fed. R. Evid. (b). Based on conversations with defense counsel in this matter, it is believed the Defendant

will argue that he was not the person responsible for the child exploitation materials located in his bedroom and, perhaps, that the images were part of a "set-up" by Tami Veal. Moreover, he will argue that the videos in which he and Tami Veal used the minor victim were not intended to be sexually explicit. Accordingly, the evidence peer-to-peer evidence indicating a pattern of possessing materials depicting the sexual exploitation of minors over time is relevant to rebut these expected defenses.

<u>403</u>

Evidence admitted under Rule 414 or 404(b) is still subject to Rule 403's balancing test. *Seymour*, 468 F.3d at 385. Because of "the inherent strength" of Rule 414 evidence, courts, when conducting the Rule 403 inquiry, "should pay careful attention to both the significant probative value and the strong prejudicial qualities" of the evidence. *LeMay*, 260 F.3d at 1027 (internal quotation marks and citation omitted). The Ninth Circuit has identified several factors that district courts "must evaluate in determining whether to admit evidence of a defendant's prior acts of sexual misconduct." *Id.* at 1027-28. Those factors are:

> (1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial.

*Id.* at 1028 (internal quotation marks and citation omitted). Those factors are "not exclusive," and district courts "should consider other factors relevant to individual cases." *Id.*

In this case, the factors militate in favor of admitting the evidence.  The acts are very similar to the charged conduct in this matter.  In fact, some of the videos obtained by law enforcement contain the same victim as other images and/or videos that are the subject of the possession of child pornography charged in the indictment.  Moreover, the conduct occurred close in time to the charged conduct.  The law enforcement downloads occurred in November of 2015 and April of 2016.  The charged production conduct spanned this time frame, with the possession of child pornography occurring in May of 2016, the date of the search warrant execution.  The evidence is necessary to complete the story of the case, explain the actions of law enforcement, and establish that this conduct occurred on multiple occasions over time.  All of this is important to a coherent presentation of the facts and to defeating the attempted defenses by the Defendant. Accordingly, the relevancy of the information strongly outweighs the prejudicial value in this case, which is lessened by the fact that the jury will see similar evidence because of the charged conduct in this case.

CONCLUSION

The Peer-to-Peer investigation and the audio of the drug deal are admissible as background or *res gestae* evidence, as both are inextricably intertwined with the charged conduct in this case. Alternatively, the Peer-to-Peer investigation evidence is admissible pursuant to Federal Rules of Evidence 414, or Federal Rules of Evidence 404(b) as common scheme evidence, and, as probative of the Defendant's identify, knowledge, intent, and absence of mistake and the evidence is more probative than prejudicial.

11

Respectfully submitted,

CARLTON S. SHIER, IV
ACTING U. S. ATTORNEY

By:    s/Erin M. Roth
        Assistant United States Attorney
        260 W. Vine Street, Suite 300
        Lexington, Kentucky 40507-1612
        (859) 685-4872
        FAX (859) 233-2747
        Erin.Roth@usdoj.gov

## CERTIFICATE OF SERVICE

On September 23, 2021, I electronically filed the foregoing using the CM/ECF system which will send notice to all counsel of record.

/s/Erin M. Roth
Assistant United States Attorney