UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 20-124-KKC

UNITED STATES OF AMERICA                                                                                           PLAINTIFF

V.

CORY N. JOHNS                                                                                                              DEFENDANT

OBJECTION TO RES GESTAE OR 404(B) EVIDENCE
** ** ** ** ** ** **

   Comes the Defendant by counsel and hereby objects to the proposed Res Gestae or 404(B) evidence proposed by the United States.

   The initial issue is that the IP address and residence from which the IP address was associated did not belong to this Defendant.  The difficulty for this defendant is that he lacked standing to object to the search under the fourth amendment of the U.S. Constitution in that he did not and does not own and or control the objects from which the evidence was obtained.  Thus, the first requirement of 404(b) can not be met in that the introduction of such evidence obtained from a third party in the prosecution of this defendant is clearly prejudicial.  Prejudicial to such an extent that it renders any trial using said evidence unfair and unjust and outweighs any probative value.  The balancing test as required by **United States v. LeMay,** 260 F.3d 1018, 1027 (9th Cir. 2001)  cannot be met in the case at bar and renders its admission unfairly prejudicial.  **LeMay** supra at 769

   The computers from which the alleged evidence was obtained was in this defendant's grandparents' home and available and accessible to any and all persons who lived and visited the residence.  At the time of the warrants execution this defendant was only one of several people living in the residence.  No others with access to the media devices were charged.  Some of which were present when the warrant

was executed.

The United States argues that the evidence obtained is the same and or similar in nature of that included in the indicted alleged criminal activity of this defendant. This is not the case. The similarity is that it involves prepubescent females. The evidence sought to be introduced involve acts of a sexual nature involving the females with adult males, animals and sitting in a manner that appears to be intentionally exposing genitals. This Defendant is seen on camera in what can be characterized as family home movies. That the child is either playing, dancing or simply running around playing. Any exposure of genitalia is inadvertent and not the focus or intent of the action. And the majority of the videos are filed by the co-defendant who has plead guilty.

Finally, it is unclear from the discovery whether any of the depictions from which this defendant has been charged was shared or otherwise distributed. The United States has set out extensively the use of the BitTorrent sharing programs, however, nothing found on the media devices in this case indicates that the family films were shared. They were merely transferred from one home device to another. I suspect because the recording device had limited storage space. Thus, this proposed evidence should not be admissible under **federal rule of evidence 414 or 404(b).**

Notwithstanding the previous arguments, the ground work regarding the investigation can be explained without providing the proposed videos as set out in the United States' notice. It is not possible to determine if a jury will rely upon this Res Gestae evidence in returning a verdict of guilty, however is likewise not possible to determine that a jury will not return a verdict of guilty upon this evidence. The Constitution and justice mandates that it not be presented in this circumstance.

WHEREFORE, Defendant request that the United States not be allowed to use the proposed evidence at the trial of this matter.

Respectfully submitted
Gerry L. Harris Law Office
201 W. Short St., Ste. 215
Lexington, Kentucky 40507
(859) 233-4110
Glhlaw2@aol.com

/s/ Gerry L. Harris

Notice has been electronically mailed to

Hon. Erin Roth Erin.Roth@usdaj.gov
All other parties on cm/ecf noticing